**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary L. Taylor, | No. CV-07-0149-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

The court has before it plaintiff's motion for attorney's fees (doc. 36), defendant's response (doc. 40), and plaintiff's reply (doc. 45).

On April 8, 2008, we issued an order affirming the administrative law judge's (ALJ) conclusion that plaintiff is not disabled and therefore is not eligible for benefits (doc. 27). On appeal, the United States Court of Appeals for the Ninth Circuit reversed and remanded with instructions to remand to the Commissioner of Social Security for further administrative proceedings. The court concluded that the present administrative record does not support the ALJ's rejection of the opinion of Dr. Francisco Neufeld. Plaintiff now moves for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The government opposes the motion, contending that it was substantially justified in defending the underlying action.

1    The EAJA provides for an award of attorney's fees to a prevailing party unless the government's position in defending the case was substantially justified. Id. at § 2412(d)(1)(A); United States v. Marolf, 277 F.3d 1156, 1161 (9th Cir. 2002). A "substantially justified" position is one that has "a reasonable basis in both law and fact," and is "justified to a degree that could satisfy a reasonable person." Id. "[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." Pierce v. Underwood, 487 U.S. 552, 569, 108 S. Ct. 2541, 2552 (1988).

Plaintiff raised, and the parties fully briefed, several issues on appeal. The Ninth Circuit reversed and remanded on one issue only, specifically whether the ALJ properly rejected the opinion of Dr. Francisco Neufeld. In reviewing the present application for fees, we consider only whether the government was substantially justified in defending this issue on appeal. See Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008); Flores v. Shalala, 49 F.3d 562, 566 (9th Cir. 1995).

Following a hearing on September 1, 2005, the ALJ concluded at step two of the five-step evaluation process that plaintiff was not disabled because he did not have a severe impairment that lasted 12 months. The ALJ found that plaintiff had experienced a psychotic break in May 2004 with marked limitations that lasted only until January 2005. On September 29, 2005, almost a month after the hearing but before the ALJ issued his order, Dr. Neufeld examined plaintiff and issued a mental impairment report, opining that plaintiff was unable to work due to his "slow thinking process," "social anxiety [and] paranoid thoughts," "difficulty concentrating," "[inability] to withstand pressure," and "poor tolerance to stress." In order to obtain the testimony of Dr. Neufeld, the ALJ held a second hearing on April 4, 2006, but despite having received a subpoena, Dr. Neufeld did not appear.

Thereafter, the ALJ issued his decision concluding that plaintiff is not disabled. He found that Dr. Neufeld was no longer plaintiff's treating physician at the time he completed his report in 2005. He noted that Dr. Neufeld's report appeared to reflect plaintiff's condition in 2004, and was not an evaluation of plaintiff's current condition. The ALJ

discounted Dr. Neufeld's assessment because it did not address the clear improvement otherwise contained in the "actual contemporaneous records of Value Options that indicate . . . there was an overall improvement in the claimant's condition." Tr. at 24. The ALJ specifically referenced treatment notes in 2005 by nurse practitioner Curry consistently reporting that plaintiff was not significantly limited in activities of daily living or social functioning and that by January 2005 his impairment was no longer severe. The ALJ further noted that by November 30, 2005, plaintiff described his symptoms as non-existent. The ALJ concluded that because Dr. Neufeld's report in September 2005 "contrast[s] sharply with the other evidence of record, his opinions are not persuasive for the period of time that he did not treat the claimant." Id.

We held that the ALJ gave specific, legitimate reasons for rejecting Dr. Neufeld's report. The Ninth Circuit concurred with the ALJ's conclusion that Taylor's psychosis had subsided by the end of 2004. But despite the treatment records throughout 2005 indicating an overall improvement in plaintiff's condition, as well as Dr. Jasinski's concurring assessment of these records, the court found "little in the record that contradicts Dr. Neufeld's opinion regarding Taylor's ongoing mental impairments." Memo. Dispo. at 2. It is clear that reasonable minds can differ as to the significance of these treatment records. Therefore, we conclude that the government's position in asserting on appeal that the ALJ had provided specific, legitimate reasons for rejecting Dr. Neufeld's report was substantially justified. Accordingly, plaintiff is not entitled to fees under the EAJA.

**IT IS ORDERED DENYING** plaintiff's motion for attorney's fees (doc. 36).

DATED this 11th day of February, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge